# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Tim Davin Dortch,                                    Case No. 22-cv-1199 (JRT/ECW)

          Petitioner,

v.                                                   **REPORT AND RECOMMENDATION**

State of Minnesota,

          Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner Tim Davin Dortch's application for a Writ of Habeas Corpus by a Person in State Custody arising under 28 U.S.C. § 2254 (Dkt. 1); Respondent's Motion to Dismiss (Dkt. 12); Petitioner's Motion to Dismiss or Grant Appropriate Relief pursuant to Rules 10, 11.03, 12.02, 17.06, 32 or 33 (Dkt. 15); and Petitioner's Motion to Dismiss or Grant Appropriate Relief pursuant to Rules 10, 11.03, 12.02, 17.06, 32 or 33 (Dkt. 19). This case has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.    FACTUAL BACKGROUND

The State of Minnesota charged Tim Davin Dortch ("Dortch" or "Petitioner") with attempted second-degree murder, first-degree assault, and second-degree assault in violation of Minn. Stat. §§ 609.17, subd. 1, .19, subd. 1, .221, subd. 1, .222, and subd. 2 (2016). *See State v. Dortch*, No. A20-0666, 2021 WL 1846837, at *2 n.1 (Minn. Ct.

App. May 10, 2021), *rev. denied* (Aug. 10, 2021). The Minnesota district court

dismissed an attempted first-degree murder charge for lack of probable cause. *Id.*

The Minnesota Supreme Court reported the following details about the events

underlying Petitioner's criminal charges, as well as his trials and conviction:

> A.H., who had an extensive career as a security guard, lived at the Dorothy Day Center in Saint Paul. On December 30, 2016, after choosing her sleeping mat, A.H. went outside to vape. While outside, A.H. saw a woman through the window that she did not know looking through her belongings. A.H. went back inside and, after seeing her backpack unzipped and items tampered with, went to the bathroom to confront the woman. Dortch, who was also a stranger to A.H. but a companion to the woman A.H. was arguing with, stood near the bathroom door. After an argument with the woman, A.H. exited the bathroom and began a discussion with another woman.

> Suddenly, Dortch lunged at A.H. from behind and struck her forehead with a knife, sending her to the ground. Dortch stabbed her three more times in her shoulder and torso and then, as she tried to get away, stabbed her again. A.H. later testified that after the assault Dortch said, "I ride for my baby mama," that he knew "how to stab a b-tch," and that he guaranteed that A.H. would "not make it through the night." A Dorothy Day Center employee, who was tending to A.H. after security guards pulled Dortch away, overheard Dortch say to A.H. "every time I see you, I will stab you." Separate workers described A.H.'s heavy bleeding, including one who could see exposed bone on A.H.'s forehead wound. After law enforcement arrived on the scene, Dortch continued to threaten A.H., saying "you're not going to make it to the hospital." While alone in a squad car, Dortch laughed spontaneously and uncontrollably. He spoke aloud to himself about how he stabbed A.H. "over and over."

> Meanwhile, an ambulance took A.H. to the hospital. She had six stab wounds to her forehead, right shoulder, right armpit, stomach, and in her right flank. Five of the wounds were superficial, but the sixth wound was a life-threatening injury to her liver. She later recovered.

> The state charged Dortch with: attempted second-degree murder, first-degree assault, and second-degree assault. After a bench trial, the court found Dortch guilty of each charge. Dortch appealed, and we reversed and remanded, concluding that a structural error required a new trial. *State v. Dortch*, No. A18-1242 (Minn. App. Apr. 23, 2019) (order op.).

On remand, Dortch argued that a second trial would violate the constitutional prohibition against double jeopardy. The district court declined to rule on Dortch's double-jeopardy claim, stating that the issue could be decided on appeal. The district court, after a bench trial, again found Dortch guilty of all three counts. At sentencing, the district court entered convictions for all three counts but only sentenced Dortch to 193 months' imprisonment for attempted second-degree murder.

*Dortch*, 2021 WL 1846837, at *1-2 (footnotes omitted).[1]

With respect to the first appeal referenced by the Court of Appeals leading

to remand, the Minnesota Court of Appeals found on April 23, 2019 as follows:

3. Appellant pleaded not-guilty and gave advance notice that he intended to rely on self-defense. Appellant testified on his own behalf at a court trial, describing the altercation and stating that he used the knife in self-defense after the victim-who was a security guard-threatened him by stating that she was going to get her mace and Taser to use against him, and that "she was going to get her boyfriend."

4. During closing argument, appellant's counsel stated that "[Dortch's] testimony did not support self-defense." Subsequently, Dortch interrupted his counsel's argument as follows:

[Counsel]: And Mr. Dortch acted unreasonably. He was not defending himself.
[Dortch]: Yes, I was. She threatened-
[Counsel]: Stop. Under the law, he was not defending himself.
[Dortch]: She threatened me and I was defending myself.

5. The district court found Dortch guilty of all three charged offenses, entered judgments of conviction as to each, and sentenced him to 231 months in prison for attempted second-degree murder. Dortch appealed, arguing that his counsel was ineffective for impliedly conceding his guilt to the charged offenses by asserting that Dortch had not acted in self-defense, and that the

---

[1]    "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)) ("[A] federal court . . . presumes that the state court's factual determinations are correct," and such a presumption "may be rebutted only by clear and convincing evidence.").

district court erred in entering a judgment of conviction for second-degree assault because it is an included offense of first-degree assault.

6. Minnesota has long analyzed "concession of guilt" cases within the framework of the Sixth Amendment's guarantee of the effective assistance of counsel. *See State v. Provost*, 490 N.W.2d 93, 97 (Minn. 1992) ("Admitting a client's guilt without the client's consent or acquiescence is deemed ineffective assistance of counsel and is grounds for a new trial."); *State v. Luby*, 904 N.W.2d. 453,457 (Minn. 2017). But the United States Supreme Court has recently recognized that a defendant's right to absolute autonomy on the issue of whether to admit guilt is an independent guarantee of the Sixth Amendment that is distinct from the right to the effective assistance of counsel. *McCoy v. Louisiana*, 138 S. Ct. 1500, 1510-11 (2018).

> Because a client's autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence[.] . . . Violation of a defendant's Sixth Amendment-secured autonomy ranks as error of the kind our decisions have called "structural"; when present, such an error is not subject to harmless-error review.

*Id.*

7. The Minnesota Supreme Court has held, consistent with *McCoy*, that "[t]he decision to concede guilt is the defendant's decision alone to make[,]" and "[i]f that decision is taken from the defendant, the defendant is entitled to a new trial, regardless of whether he would have been convicted without the admission." *State v. Prtine*, 784 N.W.2d 303, 318 (Minn. 2010). A concession of guilt need not be overt, but may be implied. *See*, *e.g.*, *State v. Pilcher*, 472 N.W.2d, 327,337 (Minn. 1991). In the case of an implied concession of guilt, the applicable standard is whether "a reasonable person viewing the totality of the circumstances would conclude that counsel conceded the defendant['s guilt." *Torres v. State*, 688 N.W.2d 569, 573 (Minn. 2004) (quotations omitted). If a concession of guilt indeed occurred, the court then examines the record to determine whether the defendant nevertheless acquiesced in the concession. *Id.*

8. Respondent State of Minnesota concedes that Dortch's counsel violated his Sixth Amendment right to autonomy as described in McCoy, and that this is a structural error requiring reversal of his convictions.

9. Because the record contains adequate support for the agreement of the parties as to both error and remedy, **we reverse Dortch's convictions and**

> **remand for a new trial. Because Dortch's convictions are reversed, we decline to address his second argument concerning whether the district court erred in convicting him of multiple offenses**.

*State v. Dortch*, A18-1242, at * 2-4 (Minn. Ct. App. April 23, 2019),

https://publicaccess.courts.state.mn.us/CaseSearch (last viewed Jan. 9, 2023)

(emphasis added).

## II.    PROCEDURAL BACKGROUND

### A.    Petitioner's Second Appeal before the Minnesota Court of Appeals Court

In his appeal after the second trial and conviction, Petitioner's counsel raised two issues on his behalf. First, Petitioner argued that retrying him for attempted second-degree murder, first-degree assault, and second-degree assault violates the Double Jeopardy Clause of the United States Constitution. *See Dortch*, 2021 WL 1846837, at *2. In this regard, the Minnesota Court of Appeals held as follows:

> The Fifth Amendment of the United States Constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." The Minnesota Constitution similarly provides that "no person shall be put twice in jeopardy of punishment for the same offense." Minn. Const. art. I, § 7. Each constitutional provision "protects against multiple punishments for the same offense, and against a second prosecution after an acquittal or conviction." *State v. Jeffries*, 806 N.W.2d 56, 60-61 (Minn. 2011).
>
> If a defendant's conviction is reversed based on insufficient evidence, then the Double Jeopardy Clause 5 clearly precludes further prosecution. *Burks v. United States*, 437 U.S. 1, 18, 98 S. Ct. 2141, 2150-51 (1978). But it is also well established that if a conviction is reversed based on trial error, the "defendant is entitled to a new trial, not to outright reversal of his conviction." *State v. Harris*, 533 N.W.2d 35, 36 (Minn. 1995). Stated differently, the Double Jeopardy Clause does not bar retrial when a case is heard on remand following structural trial error. *Id.*; *see also Burks*, 437 U.S. at 15, 98 S. Ct. at 2149 ("In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect

that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant.").

Here, Dortch faced retrial because we determined that the defense attorney in the first trial committed structural error when he disagreed with Dortch's claim of self-defense. Structural errors—those defects that affect the framework within a trial and "call[ ] into question the reliability and fairness of the trial"—require automatic reversal. *State v. Dalbec*, 800 N.W.2d 624, 627 (Minn. 2011). We reversed in the first appeal based on a trial error—not based on the insufficiency of the evidence. Dortch's trial after remand does not implicate one purpose of the prohibition against double jeopardy—his expectation of finality—as it is consistent with the remedy he sought in his first appeal. *State v. Humes*, 581 N.W.2d 317, 321 (Minn. 1998).

Because we remanded in the first appeal due to a trial error, the retrial did not violate the prohibition against double jeopardy.

*Id.* at *2-3.

The second error raised by Petitioner's counsel was that convictions for both first-degree and second-degree assault violate Minnesota Statutes section 609.04 and that Dortch's lesser-included offense of second-degree assault should be vacated. *Id.* at *3. The Minnesota Court of Appeals agreed, finding that because second-degree assault is a lesser-included offense, the district court erred by entering a conviction for second-degree assault and remanded to the district court for correction of the warrant of commitment. *Id.*

Petitioner also raised a number of issues in his pro se brief to the Minnesota Court of Appeals, the majority of which were not properly briefed and summarily dismissed. *Id.* The only pro se issues addressed were Dortch's claims of: (1) a violation of his right to a speedy trial; (2) a violation of his *Miranda* rights; (3) an illegal sentence under the

Minnesota sentencing guidelines; and (4) a lack of consent to a retrial. The Minnesota

Court of Appeals rejected these arguments as follows:

> ### Speedy Trial
> Dortch argues that his speedy-trial rights were violated. But the argument centers on whether a delay in starting his first trial violated his right to a speedy trial. On remand after his first appeal, Dortch's second trial began only 48 days after Dortch demanded a speedy trial. As a result, his speedy-trial claim lacks merit. *See State v. Friberg*, 435 N.W.2d 509, 512 (Minn. 1989) (stating that while there is no arbitrary time limit for speedy trials, "delays greater than 60 days after a demand for speedy trial has been made are presumptively prejudicial").
>
> ### Violation of Miranda Rights
> Dortch claims that his Miranda rights were violated when law enforcement transported him to Ramsey County from jail for retrial, because he was not read his Miranda rights. But he does not point to a specific time when he was under custodial interrogation or otherwise had evidence used against him at trial when he was not Mirandized. *See State v. Edrozo*, 578 N.W.2d 719, 724 (Minn. 1998) ("Statements made by a suspect during custodial interrogation are generally inadmissible unless the suspect is first given a [*Miranda*] warning."). Accordingly, this claim lacks merit.
>
> ### Illegal Sentence
> Dortch alleges that his sentence was improper because the district court imposed an illegal sentence with an unsupported upward departure.
>
> This court may correct an illegal sentence at any time. Minn. R. Crim. P. 27.03, subd. 9. We review de novo the interpretation of the Minnesota Sentencing Guidelines. *State v. Rouland*, 685 N.W.2d 706, 708 (Minn. App. 2004), *review denied* (Minn. Nov. 23, 2004).
>
> Upon our review of the record, it appears that Dortch is mistaken about this claim. Because Dortch was convicted of attempted second-degree murder, the Minnesota Sentencing Guidelines instruct the district court to apply an attempt-sentencing modifier. Minn. Sent. Guidelines 2.G.2 (2016). This modifier halves the duration "found in the appropriate cell on the applicable Grid for the underlying offense." *Id.* Second-degree intentional murder is a severity level 11 offense with a presumptive sentence of 386 months for a defendant with four criminal-history points. Minn. Sent. Guidelines 4.A (2016). When the attempt modifier is applied, the presumptive sentence becomes 193 months—the sentence length that the district court imposed. In

sum, the district court imposed the presumptive sentence—not an aggravated departure—assuming that Dortch had four criminal-history points, a calculation of which he does not appear to challenge.

### Consent to Retrial

Finally, Dortch argues that he did not consent to having a retrial and did not file a motion for a retrial, but instead requested acquittal. Similar to his other claims, Dortch does not cite to any legal authority to explain how the district court or this court erred. He also makes several statements that are not supported by facts in the record. If an argument contains no citation to legal authority, it is waived. *State v. Taylor*, 869 N.W.2d 1, 22 (Minn. 2015).

In sum, the supplemental brief is largely lacking in citation to legal authority, factual support, and arguments that rise above the level of mere assertions. After a thorough review of the record, we conclude these claims are all waived or lack merit.

*Dortch*, 2021 WL 1846837, at *3-4 (emphasis in original).

In his Petition for Review to the Minnesota Supreme Court, Dortch, through his counsel, asserted that his re-trial placed him in jeopardy for a second time for the same offenses, in violation of his double jeopardy protections in violation of the Fifth and Fourteenth Amendments.  (Dkt. 11-1 at 12-13.)[2]  The Petition for Review also provides "Dortch also requests this Court review the issues raised by him in his pro se brief and rejected by the court of appeals, including a speedy trial demand, *Miranda* violation, an illegal sentence, and a lack of consent to retrial."  (*Id.* at 13.)

Petitioner also submitted a pro se Petition for Review of Court of Appeals' Decision.  As part of this submission, Petitioner argued that collateral estoppel barred the second prosecution with the same factual issues that were used to resolve his first

---

[2]     Unless stated otherwise, the page citations in this Report and Recommendation to the record filed with the Court refer to the page numbers assigned by CM/ECF.

prosecution. (Dkt. 11-1 at 17.) Petitioner asserted that res judicata and law of the case under Minn. Stat § 136.01, subd. 1(B) applies, which means that the facts of the first trial applied to the second trial. (Dkt. 11-1 at 17-18.) As part of this argument, Petitioner re-asserted his double jeopardy arguments. (*Id.* at 18.)

Petitioner also argued that he was denied a speedy trial under Minnesota Rules of Criminal Procedure 11.09. (*Id.* at 18.) Petitioner claimed that he entered a not guilty plea on May 22, 2019, and that he demanded a speedy trial and his trial counsel noted on October 14, 2019 that it was the 142nd day, raised as part of its pretrial motion to dismiss. (*Id.*) As part of this argument, it was noted that there were no exigent circumstances for the delay and there was no conditional release. (*Id.*)

Petitioner further asserted that the district court lacked jurisdiction of the offense charged under the "Laws of Expedition" and Minnesota Rule of Criminal Procedure 17.06, as his appeal was granted by the Minnesota Court of Appeals on April 23, 2019, and he was released April 24, 2019. (*Id.* at 18-19.) Petitioner maintains that the United States Marshals were supposed to meet him at prison, arrest him, and read him his arresting *Miranda* rights, and therefore his arresting *Miranda* rights were violated, resulting in a termination of obligation with no remaining sentence or parole. (*Id.* at 19.)

In addition, Petitioner claimed that his charging complaint originally expired, and that he should have been charged for the complaint within 36 to 48 hours. (*Id.*) Instead, Petitioner was charged four days after his arrest for two felonies. (*Id.*) According to Petitioner, this violated Minnesota Rules of Criminal Procedure 17.05 and 17.06, as well as Minnesota Statutes Section 609.08. (*Id.*)

Other arguments asserted by Petitioner included: that his counsel erred by stating that Petitioner acted with intent to cause death; that his sentence was incorrect under Minnesota Statutes Section 609.17 and the Minnesota Sentencing Guidelines; that his *Miranda* rights were violated as part of the second trial as the squad car footage of him, taken secretly, was entered into evidence, without him being apprised of his *Miranda* rights in violation of the Fifth Amendment; that his Sixth Amendment rights were violated when the prosecution used a recording on his phone call in Ramsey County Jail; and that his double jeopardy rights were also violated because the prosecutor in the first trial tried the second trial.  (*Id.* at 20-22.)

The Minnesota Supreme Court denied review on August 10, 2021.  (*Id.* at 23.)

**B.**    **April 28, 2022 Petition For Postconviction Relief**

Petitioner filed a petition for postconviction relief on April 28, 2022.  The Minnesota district court construed his petition as raising 13 claims, including the violation of: (1) Chapter 48.11; (2) Chapter 48.9; (3) Chapter 48.8; (4) the 4th Amendment; (5) the 5th Amendment; (6) the 6th Amendment; (7) the 8th Amendment; (8) the 11th Amendment; (9) the 14th Amendment; (10) res judicata; (11) collateral estoppel; (12) Minnesota Rule of Criminal Procedure 17.06, subd. 2(2); and (13) the expiration date to charge an offense.  *See State v. Dortch*, 62-CR-17-13, at * 3 (Henn. Dist. Ct. June 1, 2022), https://publicaccess.courts.state.mn.us/CaseSearch (last viewed Jan. 9, 2023).  The postconviction court denied his petition on June 1, 2022.  *Id.* Petitioner has not appealed this decision.

### C.    Present Petition

As part of the present habeas Petition before the Court, filed on May 4, 2022,

Petitioner asserts the followings grounds for relief:

> **GROUND ONE** – I also had a violation of the 5th, 4th, 6th, 11th, and 14th
> Amendment [sic] of the United States Constution [sic] and in violation of the
> Double Jeopardy Clause.  And a violation of Chapter 48.10 Double Jeopardy.
> 488 [sic] Harsher sentence law… 8 Chapter 48.1 Double Jeopardy.  I have
> illegal sentence.

(Dkt. 1 at 5.)  As best as this Court can discern, it appears that the basis for this claim is

that Petitioner has an illegal sentence based on the 2017 Sentencing Guidance Grid and

Commentary as well as Minnesota Statutes Section 609.17.  (*Id.*)  Petitioner also asserts

that collateral estoppel (as to factual issues), res judicata, and double jeopardy barred his

conviction as part of the second trial, as he was acquitted by the Minnesota Court of

Appeals.  (*Id.*)  In addition, Petitioner makes the claim that his criminal complaint was

improperly amended and was not timely charged under Minnesota Statutes Section 48.9

and Minnesota Rules of Criminal Procedure 17.05 and 17.06.  (*Id.* at 6.)

> **GROUND TWO** – Double Jeopardy. Illeageal [sic] sentence.  I also have a
> violation of law of my case.  Collateral estoppel and res judicata and pursuant
> to Minn. R. Civ. App. P. 136.01 sub divion [sic] 4B are the law of my case.
> The two becomes law of acquittal when they both are on the back of Oder
> opion [sic]. By the legislatures [sic] first signed the Bill on July 1st 2001 or
> 2002.

(*Id.* at 7.)  As part of this claim, Petitioner argues that there was a violation of his Fourth,

Fifth, Sixth, Eleventh, and Fourteenth Amendments rights and the Double Jeopardy

Clause, as he never consented to a retrial.  (*Id.*)

> **GROUND THREE** – I have to [sic] many felony points on my record.  They
> said I have 4 I only have 2… I have a [sic] illegal sentence as well.  With or

with out counting the 4 felony point [sic] or the 2 only. . .I only should have
got 96 ½ months only!

(*Id.* at 8.)  As part of this claim, Petitioner argues that his sentence was in violation of the

2017 Sentencing Guidance Grid and Commentary.  (*Id.* at 8-9.)

> **GROUND FOUR** – I was denied a speedy and public trial & fair and
> expeditious trial.  And I did not consent to a retrial.

(*Id.* at 10.)  Petitioner complains that his trial did not start until 142 to 144 days after his

not guilty plea in violation of Rule 11.09 of Minnesota Rules of Criminal Procedure.

(*Id.*)  Petitioner also argues that he never consented to his retrial, given that the

Minnesota Court of Appeals' decision amounts to an acquittal.  (*Id.*)

Respondent argues in response, and as part of its Motion to Dismiss, that the Court

should recommend dismissal of the following claims because Petitioner did not fairly

present them as federal claims to the Minnesota Supreme Court: res judicata/collateral

estoppel/law of the case; incorrect calculation of criminal-history points; and denial of his

right to a speedy trial.  (Dkt. 11 at 4-5.)  Specifically, Respondent argues that Petitioner's

res judicata/collateral estoppel/law of the case (to the extent that it is distinct from the

double jeopardy argument); criminal-history-point-calculation claim, and speedy trial act

claim are not properly before this Court because they were presented as state claims

during Minnesota state court proceedings, not as federal claims.  (*Id.* at 5-6.)  Further,

Respondent argues that the double jeopardy claim lacks merit because Petitioner's

convictions were reversed based on a trial error – not because of insufficiency of the

evidence.  *Id.* at 7-8.  As such, it is Respondent's position that the Minnesota Court of

Appeals correctly determined that Petitioner's retrial was not precluded by the Double

Jeopardy Clause and that Petitioner's understanding that he cannot be retried is not an accurate understanding of the law. (*Id.* at 8.) Finally, Respondent asserts that the other claims also lack merit and are largely conclusory without factual or legal support. (*Id.*)

## D.    Petitioner's Motions to Dismiss

Petitioner has filed two self-styled Motions to Dismiss or Grant Appropriate Relief Pursuant to Rule 10, 11.03, 12.02, 17.06, 32 or 33, captioned in both the underlying criminal matter in Hennepin County and this Court. (Dkt 15; Dkt. 19.)  Although it is not entirely clear, Petitioner seeks relief in the form of dismissal of his criminal matter. (*Id.*) The grounds listed for these motions are: (1) double jeopardy and collateral estoppel, including under Minnesota Rule of Criminal Procedure 17.06, Chapter 48.1 of the Minnesota Statutes, and various constitutional provisions; (2) violation of the law of the case, res judicata, and Minnesota Statutes Section 136.01; (3) that the trial court lacked jurisdiction over the offense charged; (4) the law defining the offense is unconstitutional or otherwise invalid; (5) the indictment or complaint does not state facts that constitute an offense in violation of Minnesota law and the United States Constitution; (6) the prosecution is barred by statutes of limitations and the double jeopardy clauses; (7) speedy trial violation and a violation of the law of the case; and (8) other unnamed jurisdictional or legal impediments in violation of the Minnesota Rules of Criminal Procedure. (*See* Dkts. 15, 16, 19, 20.)

## III.    LEGAL STANDARD

A federal court's review of habeas corpus petitions filed by state prisoners is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA").  Habeas relief under § 2254 is warranted in three circumstances: (1) when a state court decision was contrary to clearly established federal law, (2) when a state court decision involved an unreasonable application of clearly established federal law, or (3) when a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C § 2254(d)(1), (2). Habeas relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Court's review is "limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 180-82 (2011).

A federal district court is not allowed to conduct its own de novo review of a prisoner's constitutional claims.  *See Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004) ("We cannot grant relief under AEDPA by conducting our own independent inquiry into whether the state court was correct as a *de novo* matter.").  The "AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt."  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).  Under § 2254(d), a state court decision is "contrary to" the U.S. Supreme Court's precedent if it "arrives at a conclusion opposite to that reached by [the U.S. Supreme] Court on a question of law," or if it "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours."  *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also Engesser v. Dooley*, 457 F.3d 731, 735-36 (8th Cir. 2006).  A state court decision is an "unreasonable application" of U.S. Supreme Court precedent if it

"identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  In such situations, the court must "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.  A court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Under this standard, courts "must deny a writ—even if [they] disagree with the state court's decision—so long as that decision is reasonable in view of all the circumstances." *May v. Iowa*, 251 F.3d 713, 716 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 409-13).  "To the extent that 'inferior' federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness of the state court's resolution of the disputed issue." *Atley v. Ault*, 191 F.3d 865, 872 (8th Cir. 1999) (citation omitted).

In addition, when reviewing a state court decision, a federal habeas court "presumes that the state court's factual determinations are correct." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).  This deference applies to factual determinations made by the state trial and appellate courts. *See Sumner v. Mata*, 449 U.S. 539, 547 (1981).  The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Whitehead v. Dormire*, 340 F.3d 532, 539 (8th Cir. 2003).

## IV.    ANALYSIS

### A.    Claims Involving State Law - Grounds One, Two, Three, and Four

Under 28 U.S.C. § 2254(a), district courts can grant habeas petitions for those "in custody pursuant to the judgment of a State court only on the ground that he is in custody **in violation of the Constitution or laws or treaties of the United States.**"  28 U.S.C. § 2254(a) (emphasis added).  This federal-law focus means that a § 2254 petitioner, such as Dortch, cannot seek federal-court habeas relief for violations of state law.  *See, e.g.*, *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted); *Houston v. Janssen*, No. 15-CV-3075 (WMW/HB), 2016 WL 3004792, at *8 (D. Minn. May 3, 2016) (same), *R. & R. adopted*, 2016 WL 3014651 (D. Minn. May 24, 2016).

Given this legal standard, the Court will address Respondent's arguments that Petitioner's claims are in large part state law claims that are not reviewable in a federal habeas action.

### 1.    Ground Two—Collateral Estoppel and Res Judicata

As set forth previously, Ground Two asserts claims of double jeopardy, collateral estoppel, and res judicata.  These claims were raised with the Minnesota Supreme Court.  (Dkt. 11-1 at 17-18.)  However, to the extent that the claims rely on Minn. R. Civ. App. P. 136.01, they should be denied as claims in violation of Minnesota law, which, without more, do not warrant federal habeas relief.  That said, the U.S. Supreme Court has found that the rules governing res judicata and collateral estoppel are "embodied in the Fifth Amendment guarantee against double jeopardy."  *Ashe v. Swenson*, 397 U.S. 436, 445

(1970).  As such, any such relief afforded under these principles will be addressed below (Section IV.B) with respect to the merits of Petitioner's double jeopardy claim.

### 2.    Grounds One and Three—Felony Points and Illegal Sentence

Ground Three argues that Petitioner's sentence was improperly calculated under the Minnesota state guidelines.  Ground One also includes an assertion of an illegal sentence based on the 2017 Sentencing Guidance Grid and Commentary as well as Minnesota Statutes Section 609.17.  (Dkt. 1 at 5.)  "[W]hether the sentencing judge correctly applied the state sentencing guidelines is a question of state law, which is not reviewable by a federal court in a habeas proceeding."  *Goodwin v. Roy*, No. 12-CV-1050 PJS/JSM, 2012 WL 2050411, at *1 (D. Minn. June 6, 2012) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)) (citations omitted); *see also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("In the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.").  Given that the sentencing issue raised is a state law issue that does not warrant federal habeas relief, part of Ground One[3] and Ground Three of the Petition should be dismissed.

---

[3]    The Court also notes that Petitioner's assertion in Ground One that his criminal complaint was improperly amended and was not timely charged under Minnesota Statute Section 48.9 and Minnesota Rules of Criminal Procedure 17.05 and 17.06 is denied on the same basis, as it pertains to purported state law violations.

### 3.    Ground Four—Speedy Trial Violation

Ground Four asserts that Petitioner was denied a speedy and public trial and a fair and expeditious trial.  Petitioner complains that his trial did not start until 142 to 144 days after his not guilty plea in violation of Minnesota Rule of Criminal Procedure 11.09. (Dkt. 1 at 8-9.)  The Rule 11.09 violation was raised on review with the Minnesota Supreme Court.  (Dkt. 11-1 at 18.)[4]  Rule 11.09 provides as follows:

> (a) If the defendant enters a plea other than guilty, a trial date must be set.
>
> (b) A defendant must be tried as soon as possible after entry of a plea other than guilty. On demand of any party after entry of such plea, the trial must start within 60 days unless the court finds good cause for a later trial date.
>
> Unless exigent circumstances exist, if trial does not start within 120 days from the date the plea other than guilty is entered and the demand is made, the defendant must be released under any nonmonetary conditions the court orders under Rule 6.01, subd. 1.

---

[4]    No federal violation was alleged in the present Petition as to the speedy trial claim. The Court notes that to the extent that Petitioner now raises it as part of his Motions to Dismiss, he did not file a proper motion to amend the Petition, and in any event, even to the extent that such a motion, was to be filed, the claim would be dismissed as unexhausted, because the federal claim was never presented in the state courts all the way through to the Minnesota Supreme Court.  An application for a writ of habeas corpus will only be granted if "the applicant has exhausted the remedies available in the courts of the state."  28 U.S.C. § 2254(b)(1)(A).  Thus, "a prisoner must fairly present his federal constitutional claims to the **highest available state court**, (in Minnesota, the Minnesota Supreme Court), before seeking relief in federal court."  *Fraction v. Minnesota*, 678 F. Supp. 2d 908, 916 (D. Minn. 2008) (emphasis added).  Fair presentment requires the prisoner to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue."  *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005).  Both the U.S. Supreme Court and the Eighth Circuit have noted that "[i]t is not enough to recite only . . . the facts necessary to state a claim for relief, or to make a general appeal to a constitutional guarantee as broad as due process."  *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (internal quotation marks and citations omitted).  Here, no constitutional violation was specifically raised with respect to Dortch's right to a speedy trial, and instead, Petitioner argued a violation of Rule 11.09.  (Dkt. 11-1 at 18.)

18

Minn. R. Crim. P. 11.09.

"Violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (marks omitted) (citing *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir.1986)). Because Ground Four raises a violation of state law, the claim should be dismissed. *See Estelle*, 502 U.S. at 67.

## B. Grounds One and Two—Double Jeopardy, Res Judicata, and Collateral Estoppel

As set forth previously, Petitioner asserts in his Petition, Motions, and supporting memoranda that his second conviction is barred by the doctrines of double jeopardy, res judicata, and collateral estoppel. The gravamen of this claim is that he was acquitted by the Minnesota Court of Appeals as part of its April 2019 decision. As stated previously, courts have recognized "that the doctrine of res judicata is incorporated into the doctrine of double jeopardy." *See Robinson v. United States,* No. 4:10CV00081 ERW, 2010 WL 4628686, at *4 (E.D. Mo. Nov. 8, 2010) (citing *Dowling v. United States*, 493 U.S. 342, 347 (1990); *see also Ashe v. Swenson*, 397 U.S. 436, 445-46 (1970); *Prince v. Lockhart*, 971 F.2d 118, 123 (8th Cir. 1992)). As to collateral estoppel, the Eighth Circuit has concluded that it is a viable defense only as to ultimate issues determined at the first trial in a defendant's favor with respect to an acquittal, as opposed to a conviction. *See Flittie v. Solem*, 775 F.2d 933, 939-40 (8th Cir. 1985)[5] (collecting cases from the U.S. Supreme

---

[5]    Courts may "look at circuit precedent to ascertain whether it has already held that the particular point in issue is clearly established by Supreme Court precedent. . . ." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).

Court).  Here, regardless of the subsequent actions of the Minnesota Court of Appeals in remanding the case back to the trial court, there is no dispute that the first trial resulted in a conviction.  Given Petitioner's conviction, collateral estoppel would not apply under federal precedent.  As such, the Court finds that the Minnesota state courts' rejection of Petitioner's collateral estoppel arguments is not contrary to or an unreasonable application of federal law.

With respect to the overall double jeopardy claim, the Minnesota Court of Appeals held as follows in its second decision:

> The Fifth Amendment of the United States Constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." The Minnesota Constitution similarly provides that "no person shall be put twice in jeopardy of punishment for the same offense." Minn. Const. art. I, § 7. Each constitutional provision "protects against multiple punishments for the same offense, and against a second prosecution after an acquittal or conviction." *State v. Jeffries*, 806 N.W.2d 56, 60-61 (Minn. 2011).
>
> If a defendant's conviction is reversed based on insufficient evidence, then the Double Jeopardy Clause 5 clearly precludes further prosecution. *Burks v. United States*, 437 U.S. 1, 18, 98 S. Ct. 2141, 2150-51 (1978). But it is also well established that if a conviction is reversed based on trial error, the "defendant is entitled to a new trial, not to outright reversal of his conviction." *State v. Harris*, 533 N.W.2d 35, 36 (Minn. 1995). Stated differently, the Double Jeopardy Clause does not bar retrial when a case is heard on remand following structural trial error. *Id.*; *see also Burks*, 437 U.S. at 15, 98 S. Ct. at 2149 ("In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant.").
>
> Here, Dortch faced retrial because we determined that the defense attorney in the first trial committed structural error when he disagreed with Dortch's claim of self-defense. Structural errors—those defects that affect the framework within a trial and "call[ ] into question the reliability and fairness of the trial"—require automatic reversal. *State v. Dalbec*, 800 N.W.2d 624,

627 (Minn. 2011). We reversed in the first appeal based on a trial error—not based on the insufficiency of the evidence. Dortch's trial after remand does not implicate one purpose of the prohibition against double jeopardy—his expectation of finality—as it is consistent with the remedy he sought in his first appeal. *State v. Humes*, 581 N.W.2d 317, 321 (Minn. 1998).

Because we remanded in the first appeal due to a trial error, the retrial did not violate the prohibition against double jeopardy.

*Dortch*, 2021 WL 1846837, at *2-3.

With respect to the applicability of the Double Jeopardy Clause, the U.S. Supreme Court and the Eighth Circuit have distinguished between a reversal by a court of appeals of a conviction based on a trial error, as opposed to a finding that there was insufficient evidence to support a conviction as follows:

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be 'subject for the same offence to be twice put in jeopardy of life or limb.'" *Jones v. Thomas*, 491 U.S. 376, 380, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989) (quoting U.S. Const. amend. V). The Double Jeopardy Clause prohibits "successive prosecutions for the same offense following," among other things, "a judgment of acquittal." *United States v. Rea*, 300 F.3d 952, 957 (8th Cir. 2002). When a conviction is set aside on appellate or habeas review, the Double Jeopardy Clause may bar successive prosecution depending on the reason why the conviction was set aside. *Lockhart v. Nelson*, 488 U.S. 33, 38-40, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). When a defendant "succeeds in getting his first conviction set aside because of trial error in the proceedings leading to conviction," the Double Jeopardy Clause does not prohibit successive prosecution because that is not equivalent to a judgment of acquittal. *See Rea*, 300 F.3d at 956-57. By contrast, if "a reviewing court determines that there is insufficient evidence to support a conviction," that can be "'the equivalent of an acquittal,'" in which case the Double Jeopardy Clause prohibits successive prosecution. *See id.* at 957 (quoting *Satter v. Leapley*, 977 F.2d 1259, 1263 (8th Cir. 1992)).

*United States v. Harrington*, 997 F.3d 812, 817 (8th Cir. 2021).

In this case, the initial April 2019 decision by the Minnesota Court of Appeals found a trial error with respect to trial defense counsel's violation of Petitioner's right to

absolute autonomy on the issue of whether to admit guilt. There was no mention with respect to the adequacy of the evidence to support the conviction. Indeed, the Minnesota Court of Appeals declined to address other arguments, and instead remanded the matter for a new trial. Because the error at issue did not deal with the sufficiency of evidence, the Court finds that the Minnesota courts' decision to reject Petitioner's Double Jeopardy Clause arguments is not contrary to or an unreasonable application of federal law. Therefore, Grounds One and Two should be dismissed.[6]

## V.    PETITIONER'S MOTIONS TO DISMISS

Petitioner has filed two Motions to Dismiss or Grant Appropriate Relief Pursuant to Minnesota Rules of Criminal Procedures Rule 10, 11.03, 12.02, 17.06, 32 or 33, captioned in both the underlying criminal matter in Hennepin County and this Court. (Dkt 15; Dkt. 19). As a starting point, the Court cannot grant relief to Petitioner based on Minnesota Rules of Criminal Procedure, which are State rules, and is instead limited to the relief afforded by the federal statute 28 U.S.C. § 2254. On this basis alone, the Motions should be denied. Moreover, the Court has ruled on the claims raised in the Petition, which address many of the claims raised in these motions, such as, state law claims for relief, res judicata, and double jeopardy. That said, Section 2254 Rule 2(c) provides in relevant part that the petition shall specify all the grounds for relief which are available to the petitioner and shall set forth in summary form the facts supporting each

---

[6] Moreover, to the extent that these grounds are based on state law violations, they should also be dismissed on the basis that Dortch cannot seek federal-court habeas relief for violations of state law. *See* 28 U.S.C. § 2254(a).

of the grounds thus specified. *See* Rule 2(c) of the Rules Governing Section 2254 Cases.

Indeed, the form Petition used by Dortch warns him that "if you fail to set forth all of the

grounds in this petition, you may be barred from presenting additional grounds at a later

date." (Dkt. 1 at 5.) As noted by the Supreme Court:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also* Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)).

> * * *

> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

*Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Here, any additional claims raised over

four months after Respondent filed its response, where Petitioner filed no motion to

amend, bypasses the purpose of Rule 2, and the Court finds that any claims outside of the

Petition have been insufficiently pleaded. As such, the Motions should also be denied on

this basis. *See Hogquist v. Mercy Hosp.*, No. 21-CV-2080 (SRN/TNL), 2021 WL

5042501, at *2 (D. Minn. Oct. 12, 2021), *R. & R. adopted by*, 2021 WL 5042081 (D. Minn. Oct. 29, 2021) ("The double-jeopardy claim, however, is not mentioned again among the grounds being raised by Hogquist for habeas relief, *see* Petition at 6-7, and there is no substantive basis in the petition for believing that the ongoing prosecutions against Hogquist may potentially subject her to double jeopardy. Rule 2(c)(2) of the Rules Governing Section 2254 Cases requires that a habeas petitioner provide 'the facts supporting each ground' raised in the petition. Hogquist has failed to do this with respect to her double-jeopardy claim. That claim is therefore insufficiently pleaded, and it is recommended that the claim be dismissed without prejudice on that basis.").

## VI.    CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing in this context, Dortch must show "that jurists of reason would find it debatable whether the district court was correct in its . . . ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court concludes that it is unlikely any other court,

including the Eighth Circuit, would reach a conclusion contrary to that reached above.

Accordingly, it is recommended that a COA not be issued in this matter.

## VII.  RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.  Petitioner Tim Davin Dortch's application for a Writ of Habeas Corpus by a Person in State Custody arising under 28 U.S.C. § 2254 (Dkt. 1) be **DENIED**;

2.  Respondent's Motion to Dismiss (Dkt. 12) be **GRANTED**;

3.  Petitioner Tim Davin Dortch's Motion to Dismiss or Grant Appropriate Relief pursuant to Rules 10, 11.03, 12.02, 17.06, 32 or 33 (Dkt. 15) be **DENIED**;

4.  Petitioner's Motion to Dismiss or Grant Appropriate Relief pursuant to Rules 10, 11.03, 12.02, 17.06, 32 or 33 (Dkt. 19) be **DENIED**;

5.  That this action be **DISMISSED WITH PREJUDICE**; and

6.  No certificate of appealability be issued.

DATED: January 10, 2023                *s/Elizabeth Cowan Wright*
                                       ELIZABETH COWAN WRIGHT
                                       United States Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).