UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| TIM DAVIN DORTCH, | |
| Petitioner, | Civil No. 22-1199 (JRT/ECW) |
| v. | |
| STATE OF MINNESOTA, | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Respondent. | |

---

Tim Davin Dortch, OID# 201761, MCF – Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Petitioner.

Edwin William Stockmeyer, III and Matthew Frank, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101; and Jeffrey Wald, **RAMSEY COUNTY ATTORNEY'S OFFICE**, 345 Wabasha Street North, Suite 120, Saint Paul, MN 55102, for Respondent.

Tim Davin Dortch has petitioned the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dortch claims that his federal and state rights were violated when he was tried for a second time after his first conviction was reversed due to structural error. The Court finds that Dortch's state law claims are not suitable under § 2254, the state court did not err when it held that Dortch was not subject to double jeopardy, and Dortch did not exhaust his federal speedy trial claim in state court. Therefore, the Court will deny Dortch's Petition for a Writ of Habeas Corpus.

## BACKGROUND

**I.   FACTUAL BACKGROUND**

Magistrate Judge Elizabeth Cowan Wright provided an exhaustive background on this case in the Report and Recommendation (R&R), which this court adopts in full. (*See* R. & R., Jan. 10, 2023, Docket No. 30.)  The Court will provide a brief summary of the relevant events.

Petitioner Tim Davin Dortch was charged with and convicted of attempted second degree-murder, first-degree assault, and second-degree assault. *State v. Dortch*, No. A20-0666, 2021 WL 1846837, at *1 (Minn. Ct. App. May 10, 2021), *rev. denied* (Minn. Aug. 10, 2021).  The state court of appeals reversed Dortch's conviction due to structural error after concluding that his attorney had violated his Sixth Amendment right to autonomy. *Id.*  The state retried Dortch and he was found guilty again. *Id.*  Dortch was sentenced to 193 months' imprisonment. *Id.* at *2.  Dortch appealed his second conviction and argued that his multiple convictions constituted double jeopardy and that the trial court erred in convicting him of both first-degree assault and second-degree assault. *Id.* at *2–3.  Additionally, he challenged his conviction as a violation of his right to a speedy trial, a violation of his *Miranda* rights, an illegal sentence, and for "lack of consent to a retrial." *Id.* at *3.

The state court rejected Dortch's double jeopardy appeal because the first conviction had been reversed due to trial error and not for a lack of evidence. *Id.*  The state court of appeals did vacate the second-degree assault charge because it was a lesser

-2-

offense already included in the first-degree assault charge. *Id*. The state court considered the rest of Dortch's objections but rejected each. *Id.* at *3–4.

Dortch appealed to the Minnesota Supreme Court, which denied review on August 10, 2021. *State v. Dortch*, 20-0666, 2021 Minn. LEXIS 437 (Minn. Aug. 10, 2021). Additionally, Dortch was denied a petition for postconviction relief on June 1, 2022. *See State v. Dortch*, 62-CR-17-13, at *7 (Henn. Dist. Ct. June 1, 2022), https://publicaccess.courts.state.mn.us/CaseSearch (last viewed Feb. 7, 2023).

## II.  PROCEDURAL BACKGROUND

Dortch brought this Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Pet. Writ Habeas Corpus ("Pet."), May 4, 2022, Docket No. 1.) Dortch argues that his second trial violated the Double Jeopardy Clause and the doctrines of res judicata, collateral estoppel, and law of the case.[1] (Pet. at 5–6.) He also claims the state violated his Fourth, Sixth, Eleventh, and Fourteenth Amendment rights and various state rights and statutes. (*See generally* Pet.)

---

[1] Although courts are not always precise in their use of these terms, they each mean different things and have different effects. The Supreme Court has explained that "[u]nder the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979).
   The law of the case "is a doctrine that provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Morris v. American Nat. Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)).

Respondent moved to dismiss Dortch's petition. (Mot. Dismiss, June 22, 2022, Docket No. 12.) Respondent argued that Dortch did not present the following claims to the Minnesota Supreme Court: res judicata/collateral estoppel/law of the case; incorrect calculation of criminal-history points; and denial of his right to a speedy trial. (Resp't Resp. to Order to Show Cause at 4–5, June 22, 2022, Docket No. 11.) Additionally, Respondent argued that Dortch's double jeopardy claim was properly dismissed by the state court. (*Id.* at 7–8.)

On October 31, 2022, Dortch filed a pair of Motions to Dismiss or Grant Appropriate Relief Pursuant to Rules 10, 11.03, 12.02, 17.06, 32 or 33, which are largely duplicative of his petition. (Pet. 1st Mot. Dismiss, Docket No. 15; Pet. 2nd Mot. Dismiss, Docket No. 19.) Dortch submitted substantially the same briefing materials in support of these, which are also largely duplicative of his initial briefing in support of his petition. (*See* Pet. Br. Supp. 1st Mot. Dismiss, Docket No. 16; Pet. Br. Supp. 2nd Mot., Docket No. 20.)

The Magistrate Judge recommended that Dortch's application for a Writ of Habeas Corpus be denied. (R. & R. at 25.) The Magistrate Judge concluded that Dortch's claims of an illegal sentence, speedy trial violation, and violations of other state criminal procedure rules—all based on Minnesota law—do not warrant federal habeas relief. (*Id.* at 17–19, 22.) The Magistrate Judge construed Dortch's double jeopardy, res judicata, and collateral estoppel claims as federal in nature, but recommended that each be

dismissed because the state court's reasoning was not contrary to, or an unreasonable application of, federal law. (*Id.* at 19–21.) Additionally, the Magistrate Judge concluded that any additional basis for relief plead in Dortch's motions to dismiss after Respondent filed its response on June 22, 2022 were insufficiently pled because Dortch did not move to amend his petition. (*Id.* at 23.) *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("The petition must: (1) specify all grounds for relief available to the petitioner; (2) state the facts supporting each ground[.]").

Dortch objects to the R&R but does not identify the specific portions he objects to. (*See* Pet'r's Suppl. Br. at 4–5, Jan. 19, 2023, Docket No. 35.) Rather, he generally objects under the Fifth, Eighth, Ninth, and Fourteenth Amendments. (*Id.*)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing de novo, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate

deference is acceptable."). However, de novo review of a magistrate judge's R&R "only means a district court 'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Riesselman*, 708 F. Supp. 2d 797, 807 (N.D. Iowa 2010) (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require a de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). However, "pro se litigants are not excused from failing to comply with substantive or procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Under 28 U.S.C. § 2254(d)(1)–(2), a habeas petition may not be granted unless the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." To succeed in a habeas petition, the state prisoner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

## II.   ANALYSIS

As a preliminary matter, Dortch made a number of untimely submissions on October 31, November 10, December 12, and February 10, in support of his petition. (*See* Order at 1, May 25, 2022, Docket No. 10 (giving Dortch thirty days to reply from when Respondent's answer is filed).) The State submitted its answer on June 22, 2022, giving Dortch at the most until July 25 to reply. Because documents submitted by pro se litigants are to be construed liberally, the Court reviewed these submissions. However, because they are largely duplicative of his petition, do not address any arguments by the Respondent, and are untimely, the Court will not address these with specificity.

Although Dortch has not properly identified the portions of the R&R he objects to, given his pro se status, the Court will review his application de novo. Nevertheless, the Court concludes that Dortch's Petition for Writ of Habeas Corpus fails because his claims are based on state law, lack merit, or were not presented to the state court as federal issues. Therefore, the Court will adopt the report and recommendation in full.

### A.   State Law Violations

Dortch alleges various violations of his state law rights. The Supreme Court has reiterated that "federal habeas corpus relief does not lie for errors of state law." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (internal quotations omitted) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). As such, Dortch's various claims under state law, such as his claim

of an illegal sentence, denial of a speedy and public trial in violation of Minnesota Rule of Criminal Procedure 11.09, expiration of date to charge claims, and violations of other state statutes and rules, are not suitable for habeas corpus relief. *See Engle v. Isaac*, 456 U.S. 107, 119 (1982) ("A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation omitted). They are not grounds for granting a Petition for a Writ of Habeas Corpus.

### B. Federal Claims

Dortch also claims violations of his Fourth, Fifth, Sixth, Eleventh, and Fourteenth Amendment rights under the United States Constitution. These are without merit and do not support a grant of Writ of Habeas Corpus.

#### 1. Double Jeopardy

The crux of Dortch's petition is that his Fifth Amendment rights were violated when he was tried the second time. Because the state court properly applied federal law of double jeopardy, Dortch does not meet the stringent habeas relief standard.

The state court properly cited to *Burks v. United States*, 437 U.S. 1, 15 (1978), for the proposition that "reversal for trial error, as distinguished from evidentiary sufficiency, does not constitute a decision to the effect that the government has failed to prove its case." *State v. Dortch*, 2021 WL 1846837, at *2. In Dortch's case, his conviction was reversed because his attorney violated his Sixth Amendment rights when he disagreed with Dortch's claim of self-defense. *Id.* A structural error such as this does not contribute

-8-

to a determination that the defendant's conviction was reversed based on insufficient evidence, which is the situations that the Double Jeopardy Clause clearly precludes. *See Burks*, U.S. 1, at 11 ("The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. This is central to the objective of the prohibition against successive trials."); *see also United States v. Rea*, 300 F.3d 952, 956–57 (8th Cir. 2002). In other words, the Double Jeopardy Clause does not protect Dortch from multiple trials. Rather, it protects him from a second trial if he was found innocent in the first. In this case, the state court of appeals did not vacate Dortch's conviction because he should have been found innocent—it did so because a violation of his Sixth Amendment rights by his own lawyer meant that not all his potential defenses were considered.

Further, the state court decision was not based on an unreasonable determination of the facts of the case considering the evidence presented. In fact, Dortch does not allege that the state court erred in any factual determinations, and the Court finds none. Accordingly, the state court did not err in its findings and the petition must be dismissed based on these claims.

### 2.  Res Judicata/ Collateral Estoppel/Law of the case

As the Magistrate Judge stated, courts have recognized that the doctrine of res judicata is incorporated into the doctrine of double jeopardy. *See Robinson v. United States*, No. 4:CV00081, 2010 WL 4628686, at *4 (E.D. Mo. Nov. 8, 2010) (citing *Dowling v. United States*, 493 U.S. 342, 347 (1990). Thus, Dortch's claim under res judicata fails for

the same reason it fails under the doctrine of double jeopardy, because Dortch was not actually acquitted in the first trial. The same applies to the collateral estoppel claims. *See Flittie v.* Solem, 775 F.2d 933, 939–40 (8th Cir. 1985) (finding that collateral estoppel is a viable defense only as to ultimate issues determined in defendant's favor if the defendant was acquitted in the first trial). Finally, the law of the case doctrine is not applicable in this case because there is no rule of law at issue that is being applied inconsistently. Thus, the state court's determination that these doctrines don't warrant reversal was not unreasonable or contrary to federal law.

### 3. Other Federal Claims

Dortch's Fourth Amendment, Sixth Amendment, Eleventh Amendment, and Fourteenth Amendment claims also lack merit because they are conclusory in nature and lack factual or legal support. Furthermore, Dortch did not establish that the state court erred by misapplying clearly established federal law, or unreasonably determining the facts. Therefore, they do not provide sufficient basis to grant Dortch's Petition.

### C. Exhaustion Requirement

The Court concludes that to the extent that Dortch has raised a federal speedy trial claim, he has not fairly presented it as federal law claim to the highest state court. It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The exhaustion doctrine is principally designed to protect the state courts' role in the

enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973)). It "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

Petitioners must not only go through the state courts to meet this exhaustion requirement—they must also fairly present their federal claim to the state courts. *Picard*, 404 U.S. 270 at 276 ("The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts."). Here, Dortch did not cite to any federal law or cases when he raised the violation of his right to a speedy trial to the Minnesota Supreme Court. (*See* Respondent's Appendix, at 16–17, July 22, 2022, Docket No. 11-1.) Therefore, he did not fairly present his federal law claim to the state courts and has not met the exhaustion requirement.

### D. Denial of Appeal

Lastly, 28 U.S.C. § 2253(c) dictates that an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless a judge issues a Certificate of Appealability ("COA"). A COA should only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(3). The Supreme Court has further clarified that a COA is only appropriate if petitioner has shown "that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

The Court finds that Dortch has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate whether his petition for habeas corpus should have been resolved in a different manner.  Dortch has neither definitively claimed nor exhausted a federal or constitutional law violation.  Therefore, reasonable jurists could not conclude that his petition should have been resolved in a different manner.

## CONCLUSION

The Court concludes that Dortch's state claims are not appropriate for a habeas petition and that federal claims raised were either not unreasonably decided by the state court or nor exhausted at the state courts.  Therefore, the Court adopts the report and recommendation and dismisses the Writ of Habeas Corpus petition.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's objection to the Report and Recommendation [Docket No. 35] is **OVERRULED**.

2. The Report and Recommendation [Docket No. 30] is **ADOPTED**.

3. Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED**;

-13-

4. Respondent's Motion to Dismiss [Docket No. 12] is **GRANTED;**

5. Petitioner's Motion to Dismiss or Grant Appropriate Relief Pursuant to Rules 10, 11.03, 12.02, 17.06, 32 or 33 [Docket No. 15] is **DENIED;**

6. Petitioner's Motion to Dismiss or Grant Appropriate Relief Pursuant to Rules 10, 11.03, 12.02, 17.06, 32 or 33 [Docket No. 19] is **DENIED;**

7. Petitioner's action is **DISMISSED WITH PREJUDICE;** and

8. The Court does **NOT** grant a Certificate of Appealability under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  Month Day, Year  
at Minneapolis, Minnesota.

_____DRAFT_____  
JOHN R. TUNHEIM  
United States District Judge