UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TIM DAVIN DORTCH, | |
| Petitioner, | Civil No. 22-1199 (JRT/ECW) |
| v. | |
| STATE OF MINNESOTA, | **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL** |
| Respondent. | |

Tim Davin Dortch, OID# 201761, MCF Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Petitioner.

Edwin William Stockmeyer, III and Matthew Frank, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101; and Jeffrey Wald, **RAMSEY COUNTY ATTORNEY'S OFFICE**, 345 Wabasha Street North, Suite 120, Saint Paul, MN 55102, for Respondent.

Tim Davin Dortch petitioned the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dortch claimed that his federal and state rights were violated when he was tried for a second time after his first conviction was reversed due to structural error. The Court denied Dortch's petition and he is appealing that decision to the Eighth Circuit. Dortch now seeks to proceed *in forma pauperis* ("IFP"). The Court will deny the application to proceed *in forma pauperis* because Dortch was not granted a certificate of appealability and therefore his appeal is frivolous.

## BACKGROUND

I. **FACTUAL BACKGROUND**

Magistrate Judge Elizabeth Cowan Wright provided an exhaustive background on this case in the Report and Recommendation (R&R), which the Court adopted in full. (*See* R. & R., Jan. 10, 2023, Docket No. 30; Mem. Op. and Order, Feb. 13, 2023, Docket No. 39.) The Court will only provide a brief summary of the relevant events here.

Petitioner Tim Davin Dortch was charged with and convicted of attempted second degree-murder, first-degree assault, and second-degree assault. *State v. Dortch*, No. A20-0666, 2021 WL 1846837, at *1 (Minn. Ct. App. May 10, 2021), *rev. denied* (Minn. Aug. 10, 2021). The state court of appeals reversed Dortch's conviction due to structural error after concluding that his attorney had violated his Sixth Amendment right to autonomy. *Id.* The state retried Dortch and he was found guilty again. *Id.* Dortch was sentenced to 193 months' imprisonment. *Id.* at *2. Dortch appealed his second conviction and argued that his multiple convictions constituted double jeopardy and that the trial court erred in convicting him of both first-degree assault and second-degree assault. *Id.* at *2–3. Additionally, he challenged his conviction as a violation of his right to a speedy trial, a violation of his *Miranda* rights, an illegal sentence, and for "lack of consent to a retrial." *Id.* at *3.

The state court rejected Dortch's double jeopardy appeal because the first conviction had been reversed due to trial error and not for a lack of evidence. *Id.* The state court of appeals did vacate the second-degree assault charge because it was a lesser

offense already included in the first-degree assault charge. *Id*. The state court considered the rest of Dortch's objections but rejected each. *Id.* at *3–4.

Dortch appealed to the Minnesota Supreme Court, which denied review on August 10, 2021. *State v. Dortch*, 20-0666, 2021 Minn. LEXIS 437 (Minn. Aug. 10, 2021). Additionally, Dortch was denied a petition for postconviction relief on June 1, 2022. *See State v. Dortch*, 62-CR-17-13, at *7 (Henn. Dist. Ct. June 1, 2022), https://publicaccess.courts.state.mn.us/CaseSearch (last viewed Feb. 7, 2023).

Dortch filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Pet. Writ Habeas Corpus ("Pet."), May 4, 2022, Docket No. 1.) Dortch argued that his second trial violated the Double Jeopardy Clause and the doctrines of res judicata, collateral estoppel, and law of the case. (Pet. at 5–6.) He also claimed the state violated his Fourth, Sixth, Eleventh, and Fourteenth Amendment rights and various state rights and statutes. (*See generally* Pet.)

The Court denied Dortch's petition because his state law claims were not appropriate for a habeas petition and the federal law claims were neither unreasonably decided by the state court nor exhausted. (Mem. Op. and Order at 12.) The Court also refused to grant Dortch a certificate of appealability because Dortch did not make a substantial showing of the denial of a constitutional right and "reasonable jurists could not debate whether his petition for habeas corpus should have been resolved in a different manner." (*Id.*)

**DISCUSSION**

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. The *in forma pauperis* statute has been applied to prisoner and non-prisoner cases alike. *See Nichole K. v. Commissioner of Social Security*, No. 19-1662, 2019 WL 3037087, at *1 n.1 (D. Minn. July 11, 2019). To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1).

Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith. *Id*. § 1915(a)(3). An appeal is taken in good faith when the party seeking review presents nonfrivolous issues. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). This is judged by an objective standard and not by the appellant's subjective point of view. *Id.* An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Martin v. MPLS Sch. Dist. No. 1*, No. 14-4462, 2015 WL 1020845, at *1 (D. Minn. Mar. 9, 2015).

Here, because the Court finds that the appeal is frivolous, it is not taken in good faith and the Court must deny the application. A § 2254 habeas petitioner may only appeal the district court's denial of his petition if the district court grants them a certificate of appealability. 28 U.S.C. § 2253(c)(1). District courts will only issue a certificate of appealability if the petitioner has made a "substantial showing" of the

denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  In this case, the Court found that Dortch had not made a substantial showing of the denial of a constitutional right.  (*See* Mem. Op. and Order at 11–12.)  Accordingly, the Court refused to grant Dortch a certificate of appealability.  (*Id.* at 13.)  Because Dortch does not have a certificate of appealability, he is unable to appeal the denial of his petition to the Eighth Circuit.  The Court will therefore finds this appeal legally frivolous and will deny Dortch's application for IFP status.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Application to Proceed In Forma Pauperis on Appeal [Docket No. 44] is **DENIED**.

DATED:  March 22, 2023
at Minneapolis, Minnesota.

                                          JOHN R. TUNHEIM
                                    United States District Judge